UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID HUGHES individually and on behalf of all other similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>KORE OF INDIANA ENTERPRISE, INC.,<br>KORE ENTERPRISES, INC.,<br>ON KORE, LLC doing business as AVERAGE JOE'S SPORTS BAR; doing business as AVERAGE JOE'S SPORTS BAR,<br><br>　　　　　　　　　　Defendants. | No. 1:11-cv-01329-JMS-MJD |

**ORDER DENYING MOTION TO INTERVENE**

This matter comes before the Court on a Motion to Intervene filed by Society Insurance, the insurer for Defendants Kore of Indiana Enterprise, Inc. and On Kore, LLC (collectively, "Kore") [Dkt. 84.] For the following reasons, the Court **DENIES** Society's Motion.

**BACKGROUND**

This case involves a class action suit brought under the Electronic Funds Transfer Act. Plaintiff David Hughes alleges that Defendant failed to post a required notice on two ATMs that charged a fee for transactions. Defendant claims that its conduct fell within the statutory safe-harbor provision. The complaint was filed on September 30, 2011, and amended complaint filed on May 22, 2012. The class was certified on August 17, 2012 on the unopposed motion of Plaintiff. On October 15, 2012, Plaintiff moved for summary judgment. As of December 19, 2012, Plaintiff's Motion for Summary Judgment was fully-briefed.

On August 17, 2012, Defendant's insurer, Society, filed a declaratory judgment action under Case No. 1:12-cv-1165-WTL-TAB ("Declaratory Judgment Lawsuit") seeking a determination that it has no duty to defend Defendant Kore against Plaintiff's claims and no duty to indemnify Kore for any judgment obtained by Plaintiff in this matter. On December 17, 2012, Society filed a motion for permissive intervention, to which Plaintiff has objected. Society cites to Federal Rule of Civil Procedure 24(b)(1)(B) as the basis for its Motion to Intervene and seeks intervention "solely for the purpose of securing a stay" to permit a determination of the issues raised in the Declaratory Judgment Lawsuit.

## DISCUSSION

**A.     Legal Standard.**

"Permissive intervention is within the discretion of the district court . . . ." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007) (citation omitted). "A request for permissive intervention under Rule 24(b) is addressed to the court's sound discretion." *City of Rockford v. Sec'y of Hous. & Urban Dev.*, 69 F.R.D. 363, 366 (N.D. Ill. 1975) (citation omitted).

**B.     Society Does Not Seek to Become A Party To This Case and Failed to Comply with Fed. R. Civ. P. 24(c).**

A party seeking permissive intervention must present a claim or defense that shares a common question of law or fact with the main action. Federal Rule of Civil Procedure 24(b) states:

> **(b) Permissive Intervention.**
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
> **(A)** is given a conditional right to intervene by a federal statute; or
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Society has not presented a claim or defense to be asserted in this case and has made no showing that it intends to do so. To the contrary, Society seeks to intervene for the sole purpose of staying this action while it litigates the Declaratory Judgment Lawsuit. *See* Motion to Intervene ¶ 13 ("Society seeks leave to intervene in this matter [] solely for the purpose of securing a stay."). This is not the purpose of intervention and does not comport with Fed. R. Civ. P. 24(b) and (c). *See Tech. Licensing Corp. v. Thomson, Inc.*, 684 F. Supp. 2d 1206, 1207 (E.D. Cal. 2010) ("Movants likewise are not entitled to permissive intervention because they do not seek to become parties to this action. Rather, their sole purpose of intervening is to stay the action and, whether the action is stayed or not, to have nothing to do with it after that.").

"Federal Rule of Civil Procedure 24(c) is unambiguous in defining the procedure for an intervenor. It requires that the motion to intervene shall be 'accompanied by a pleading setting forth the claim or defense for which intervention is sought.'" *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987). Rule 24(c) provides:

> **(c) Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Society failed to provide any pleading[1] for which intervention was sought and thus, its Motion fails as a matter of law.

Society also fails to comply with the spirit of Rule 24(c) because it does not intend to become a party to this litigation or to assert any claim or defense. *See* Motion to Intervene ¶ 13 (stating that its sole purpose of seeking intervention is to obtain a stay of this litigation). Although Society compares the facts and law at issue in this action with those in its pending Declaratory Judgment Litigation, it does not seek to assert its Declaratory Judgment claims in

---

[1] For purposes of the Federal Rules of Civil Procedure the word "pleading" is a term of art and does not encompass a motion to stay. Fed. R. Civ. P. 7(a).

this case. *See* Motion to Intervene ¶ 12 ("Intervention is proper because there is a common question of fact and law in Hughes' cause of action and Society's Declaratory Judgment complaint as a claim for violation of the EFTA and the regulations governing same require intentional conduct and a showing of a statutory violation which is excluded from coverage by the terms of the Policies."). Society's position that its Declaratory Judgment Litigation claims share common questions of law and fact with those asserted in this case is irrelevant if Society does not seek to assert those claims in this matter. Society is not entitled to intervene in this action solely for the purpose of staying this case when it does not seek to assert any claims or defenses in this case. The Court finds that Society's motion does not comply with Fed. R. Civ. P. 24(c), and, thus, it fails as a matter of law.

C.  **Society's Motion Is Untimely and May Result in Undue Delay to the Original Parties.**

Even if Society's Motion to Intervene complied with the requirements of Fed. R. Civ. P. 24(b) and (c), it is untimely in light of the procedural history of this case and will cause undue delay to the original parties. Rule 24(b)(3) requires the Court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See also Holland v. Sterling Enters., Inc.*, 777 F.2d 1288, 1293 (7th Cir. 1985) (citing *NAACP v. NY Aircraft Corp.*, 413 U.S. 345, 366 (1973); 7A C. Wright & A. Miller, *Fed. Prac. & Proc.*, § 1916 at 572 (1972) ("Whether a motion to intervene should be denied because it was not made in a timely fashion is a decision committed to the discretion of the district court.")). Here, Society's motion was filed over a year after this lawsuit was filed. Society did not file its Motion to Intervene until four months after it filed its Declaratory Judgment Lawsuit, two months after Plaintiff filed a motion for summary judgment, two weeks after Defendant Kore responded to Plaintiff's motion for summary judgment, and four months after the class was certified without

objection by Defendant Kore. Society "is defending this matter under a reservation of rights." Motion to Intervene Reply at p. 3. As a result, Society had knowledge of this lawsuit for months, if not over a year, before seeking intervention. Society is asking the Court to stay its ruling on Plaintiff's motion for summary judgment, stay the parties' anticipated settlement conference in May, and likely continue the trial of this case set for June for an indefinite amount of time while Society litigates its later-filed Declaratory Judgment Litigation. The Court finds that after considering the procedural history of this matter, Society's Motion is untimely and will cause undue delay to the original parties.

The "sole" purpose of Society's motion, in its own words, is to secure "a stay in this matter to allow for a determination of whether the claims in this matter are covered by policies of insurance issued by Society in a pending declaratory judgment action" – an action that is not yet set for trial. *See* Motion to Intervene at p. 1, ¶ 13; Docket for Declaratory Judgment Litigation. Society's sole purpose in intervening in this matter is to stay this case for an undetermined length of time, which would cause undue delay to the original parties. As a result, the Court finds that Society's intervention and requested stay would unduly delay the disposition of this case.

## CONCLUSION

For the foregoing reasons, the Court **FINDS** that Society has failed to comply with Fed. R. Civ. P. 24(c) and has also failed to exhibit circumstances that would cause the Court in its sound discretion to allow permissive intervention pursuant to Fed. R. Civ. P. 24(b). Therefore, the Court **DENIES** Society's Motion to Intervene [Dkt. 84].

Date: 01/25/2013

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Judy L. Woods
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
jwoods@beneschlaw.com

Raegan Mackenzie Gibson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
rgibson@beneschlaw.com

Kevin G. Kerr
HOEPPNER, WAGNER & EVANS LLP--Merrillville
kkerr@hwelaw.com

Michael Eugene Tolbert
HOEPPNER, WAGNER & EVANS LLP--Merrillville
mtolbert@hwelaw.com

Thomas Edward Rosta
METZGER ROSTA LLP
Tom@metzgerrosta.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Eric G. Calhoun
TRAVIS, CALHOUN & CONLON PC
eric@travislaw.com