UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID HUGHES, *individually and on behalf of all other similarly situated*, <br>   Plaintiff, <br>   vs. <br> KORE OF INDIANA ENTERPRISE, INC., *et al.*, <br>   Defendants. | ) <br> ) <br> )   1:11-cv-1329-JMS-MJD <br> ) <br> ) <br> ) <br> ) |

**ORDER**

Presently pending before the Court is Plaintiff David Hughes' Motion for Summary Judgment in this Electronic Funds Transfer Act ("EFTA") case. [Dkt. 72.] Mr. Hughes argues that summary judgment should be entered in favor of the class members[1] because Defendants Kore of Indiana Enterprise, Inc.; Kore Enterprises, Inc.; and On Kore, LLC (collectively "Kore") have failed to show there are any genuine issues of material fact concerning the applicability of various affirmative defenses. [*Id.*] Although Kore does not respond to many of Mr. Hughes' arguments, it does contend that summary judgment is inappropriate on its safe-harbor defense. [Dkt. 77.] For the reasons that follow, the Court agrees on that point.

**I.**
**STANDARD OF REVIEW**

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a

---

[1] Mr. Hughes' Motion for Class Certification was granted after the Defendants did not respond. [Dkt. 65.]

material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. Pro. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). And when evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and re-

solve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex*, 477 U.S. at 330.

## II.
### BACKGROUND

The following facts are undisputed. Kore is the owner and operator of the ATMs at issue in this litigation. [Dkts. 73 at 8; 77 at 2.] The EFTA requires that a notice informing a consumer of the fact that a fee is imposed and the amount of any such fee "shall be posted in a prominent and conspicuous location on or at the [ATM] . . . ." 15 U.S.C. § 1693b(d)(3)(B)(i). The EFTA prohibits collecting a fee for which the required notice was not provided. 15 U.S.C. § 1693b(d)(3)(C). Kore's representative remembers an ATM management company placing fee notice stickers on its ATMs on April 29, 2010. [Dkt. 73-6 at 10-11.]

Mr. Hughes is a consumer as defined by the EFTA. [Dkts. 73 at 8; 77 at 2.] On October 1, 2010, Mr. Hughes used an ATM owned and operated by Kore to withdraw money at an Indianapolis bar known as Average Joe's. [*Id.*] The ATM did not have the fee notice as required by 15 U.S.C. § 1693b(d)(3)(B)(i). [*Id.*] Mr. Hughes was charged at $3.00 fee for using the ATM. [Dkt. 73-4 at 2.]

Mr. Hughes filed a putative class action on September 30, 2011. [Dkt. 1.] Mr. Hughes asserts that Kore violated the EFTA by not posting the requisite notice on the ATM before charging the class members a fee. [Dkt. 52 at 11-12.] Kore was not aware of the EFTA before Mr. Hughes filed his complaint. [Dkt. 73-6 at 12.]

## III.
### DISCUSSION

Mr. Hughes argues that summary judgment should be entered in favor of the class members because Kore has failed to show there are genuine issues of material fact concerning various

affirmative defenses, including applicability of the safe-harbor provision of the EFTA. [Dkt. 73.] Kore does not respond to the majority of Mr. Hughes' arguments but does contend that summary judgment on the applicability of the safe-harbor provision is inappropriate. [Dkt. 77.]

### A. Unsupported Affirmative Defenses

Mr. Hughes sets forth detailed arguments supported by case law challenging various affirmative defenses Kore asserts in its answer. [Dkts. 73 at 12-24.] Kore does not respond to any of these arguments, except for the applicability of the safe-harbor provision. [Dkt. 77.] Courts rely on the parties to know what is best for them and to advance the facts and arguments that entitle them to relief. *See Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present . . . . Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.").

The Court concludes that Kore has abandoned the affirmative defenses it did not defend on summary judgment. Thus, Mr. Hughes is entitled to summary judgment on those defenses. Throughout the remainder of this litigation, Kore will not be able to assert the following defenses: waiver, estoppel, good faith, bona fide error, laches, reasonable procedures, or that Mr. Hughes was not a consumer.

### B. Safe-Harbor Defense

Kore does defend its safe-harbor defense on summary judgment. [Dkt. 77 at 3-10.] It designates an affidavit that fee notice stickers were placed on the ATM at issue before Mr. Hughes' transaction and that the notice must have been removed by someone other than one of Kore's employees. [Dkt. 77-2.]

The EFTA requires an ATM operator to provide notice of "the fact that a fee is imposed by such operator for providing the service," and "the amount of any such fee," both on the ATM "posted in a prominent and conspicuous location on or at the [ATM] at which the electronic fund transfer is initiated by the consumer" and on the screen.[2]  15 U.S.C. § 1693b(d)(3)(A) and (B). The EFTA prohibits collecting a fee for which the required notice was not provided.  15 U.S.C. § 1693b(d)(3)(C).  The EFTA contains a safe-harbor provision that provides:

> If the notice required to be posted pursuant to section 1693b(d)(3)(B)(i) of this title by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title.

15 U.S.C. § 1693h(d).  The parties agree that Kore, as the party asserting the defense, bears the burden of proving the applicability of the safe-harbor provision.  [Dkts. 73 at 22; 77 at 6]; *see Drager v. Bridgeview Bank*, 2012 WL 4092740, *4 (N.D. Ill. 2012) (citing *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 91 (2008)).

The parties dispute the amount and/or type of evidence Kore was required to designate to show that someone else removed the required notice from the ATM.  Kore has designated an affidavit from its Director of Operations, Jeff Cale, attesting that notices were affixed to the ATM on April 29, 2010, and were not removed by any employee, agent, or representative of Kore during the class period.  [Dkt. 77-2 at 1-2.]  Mr. Hughes argues that this evidence is insufficient because Kore cannot rely on a self-serving affidavit to defeat summary judgment.  [Dkt. 85 at 2.]  Instead, Mr. Hughes contends that Kore must present evidence that the notice was actually removed, damaged, or altered by someone else.  [*Id.* at 3.]

---

[2] Mr. Hughes does not argue that a fee notice was not provided on the screen of Kore's ATM.

The parties' dispute regarding the evidence necessary to invoke the safe-harbor defense appears to be an issue of first impression in this District. It has not yet been addressed by the Seventh Circuit Court of Appeals. The Northern District of Illinois recently issued an opinion interpreting the safe-harbor provision that the Court finds persuasive. On cross-motions for summary judgment, that court held that the defendant had established both elements of the safe-harbor provision—1) that a fee notice was posted, and 2) that it was removed by someone other than an employee of the defendants. *Drager v. Bridgeview Bank*, 2012 WL 4092740, *4 (N.D. Ill. 2012). Specifically, the defendants in *Drager* conducted an investigation that revealed that their employees did not remove the notice. *Id. Drager* concluded "[t]o the extent that Plaintiff argues that Defendants must present evidence of the actual person who removed the sticker—rather than providing evidence that the sticker was not removed by one of their employees—the Court declines to endorse that interpretation of § 1693h." *Id.* Because the defendants presented undisputed evidence that the notice was posted and not removed by the defendants' employees, *Drager* concluded that "Defendants have established that the fee notice was removed by a third-party." *Id.* Accordingly, summary judgment was entered in favor of the defendants. *Id.* at *6.

*Drager*'s interpretation of the safe-harbor provision is the prevailing view of district courts that have addressed the issue. *See In re Cardtronics ATM Fee Notice Litigation*, 874 F. Supp. 2d 916, 923-24 (S.D. Cal. 2012) (granting summary judgment for defendants when plaintiffs failed to rebut evidence that defendants posted the notice and did not remove the notice, stating that "courts applying the 'safe harbor' defense do not demand that ATM operators prove the specific circumstances of the removal of the notice; rather they allow the ATM operator to prove that it did not remove the notice itself, leaving a sufficiently reasonable inference that someone else must have removed it"); *Reyes v. Cole Taylor Bank*, 2011 WL 3704705, *3 (N.D.

Ill. 2011) (evidence that employees did not remove fee notice sticker was sufficient to satisfy § 1693h burden on summary judgment); *Piontek v. Penn. Sec. Bank & Trust Co.*, 2011 WL 1002194, *3-4 (M.D. Pa. 2011) (affidavit of security professional concluding that third party must have removed sticker sufficient for summary judgment).

Although Kore cites the foregoing cases in its response, Mr. Hughes ignores them on reply. Instead, without citing any authority, Mr. Hughes continues to maintain that Kore must present specific evidence of who removed the fee notice and when it was removed in order to invoke the safe-harbor defense. The Court declines Mr. Hughes' unduly restrictive and unsupported interpretation of the safe-harbor provision. Making all reasonable inferences in favor of Kore, as the Court is required to do on summary judgment, the Court concludes that an issue of material fact exists regarding the applicability of the safe-harbor provision. Accordingly, the Court denies Mr. Hughes' motion for summary judgment on Kore's safe-harbor defense.[3]

## IV.
### CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Hughes' Motion for Summary Judgment. [Dkt. 72.] Specifically, Kore will not be able to assert the following defenses in this litigation: waiver, estoppel, good faith, bona fide error, laches, reasonable procedures, or that Mr. Hughes was not a consumer under the EFTA. The Court denies Mr. Hughes' motion to the extent that it seeks summary judgment on Kore's safe-harbor defense under 15 U.S.C. § 1693h(d). The Court requests that the magistrate judge conduct a status conference to determine the future course of proceedings in light of the Court's interpretation of the safe harbor provision.

---

[3] Unlike the defendants in *Drager*, Kore has not moved for summary judgment.

- 8 -

03/12/2013

                                    Hon. Jane Magnus-Stinson, Judge
                                    United States District Court
                                    Southern District of Indiana

**Distribution via ECF only:**

Eric G. Calhoun
TRAVIS, CALHOUN & CONLON PC
eric@travislaw.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Kevin G. Kerr
HOEPPNER, WAGNER & EVANS LLP--Merrillville
kkerr@hwelaw.com

Thomas Edward Rosta
METZGER ROSTA LLP
Tom@metzgerrosta.com

Michael Eugene Tolbert
HOEPPNER, WAGNER & EVANS LLP--Merrillville
mtolbert@hwelaw.com