UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID HUGHES, *individually and on behalf of all other similarly situated*, <br>     *Plaintiff*, <br><br> *vs.* <br><br> KORE OF INDIANA ENTERPRISE, INC., *et al.*, <br>     *Defendants.* | ) <br> ) <br> ) <br> )   1:11-cv-1329-JMS-MJD <br> ) <br> ) <br> ) <br> ) |

## ORDER TO FILE A JOINT REPORT

The parties' recent pretrial filings have caused the Court to question the propriety of proceeding with the scheduled jury trial in this action on June 24, 2013.  Accordingly, the Court **ORDERS** the parties to file a joint report by **May 21, 2013**, addressing the following issues.  If they cannot agree on the contents of a joint report, competing reports must be filed by that date.

1) This matter was certified as a class action under Federal Rule of Civil Procedure 23(b)(3) in August 2012.  [Dkt. 65 at 2.]  Rule 26(c)(2)(B) provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable means."  The notice must inform the class members of various things, including that they may opt out of the approved class and that they are bound by any judgment if they do not opt out.  Fed. R. Civ. Pro. 26(c)(2)(B)(v).  The Plaintiff has not presented the Court with a proposed notice to the members of the approved class.  Therefore, it is unclear how this class action could proceed to trial as scheduled when court-approved notice has not been given to the class members.

2) Both parties demanded a jury trial.  [Dkts. 52 at 1; 55 at 9.]  The EFTA indicates that a court, not a jury, is responsible for determining any award of damages.  *See* 15 U.S.C. § 1693m(b) ("In determining the amount of liability in any action under subsection (a) of this sec-

- 2 -

tion, *the court* shall consider . . . .") (emphasis added). At least one district court has observed that with respect to the issue of liability, "whether the EFTA actually provides a litigant with a right to a jury trial is not entirely clear." *Anderson v. Expressmart*, 2013 U.S. Dist. LEXIS 1365 (N.D. Ala. 2013). It is also unclear to this Court whether the EFTA provides a litigant with a right to a jury trial on issues concerning liability, particularly since the statute expressly states that damages are to be determined by the Court. If the parties intend to proceed with trying issues of liability to a jury, as opposed to the Court, they must provide authority supporting the jury demand in their report.

05/16/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Eric G. Calhoun
TRAVIS, CALHOUN & CONLON PC
eric@travislaw.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Kevin G. Kerr
HOEPPNER, WAGNER & EVANS LLP--Merrillville
kkerr@hwelaw.com

Thomas Edward Rosta
METZGER ROSTA LLP
Tom@metzgerrosta.com

Michael Eugene Tolbert
HOEPPNER, WAGNER & EVANS LLP--Merrillville
mtolbert@hwelaw.com