UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID HUGHES, *individually and on behalf of all other similarly situated*,<br>    Plaintiff,<br><br>vs.<br><br>KORE OF INDIANA ENTERPRISE, INC., *et al.*,<br>    Defendants. | 1:11-cv-1329-JMS-MJD |

## ORDER

The parties have filed a joint report, informing the Court that Plaintiff requests that notice be provided to the class members in three different ways:  1) ATM notice; 2) newspaper notice; and 3) website notice.  [Dkt. 117 at 1.]  Defendants object to having notice placed on the ATMs. [*Id.*]

This matter was certified as a class action under Federal Rule of Civil Procedure 23(b)(3) in August 2012.  [Dkt. 65 at 2.]  Rule 26(c)(2)(B) provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable means."

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Schroeder v. City of New York*, 371 U.S. 208, 211 (1962) (holding that newspaper notice along with posting signs in the vicinity of a landowner's property still did not satisfy the requirements of due process).  The United States Supreme Court has detailed the importance of providing individual notice to members of a Rule 23(b)(3) class who can be identified through reasonable effort, specifically noting that the cost of doing so does not excuse the requirement:

> [I]ndividual notice to identifiable class members is not a discretionary consideration to be waived in a particular case. It is, rather, an unambiguous requirement of Rule 23. As the Advisory Committee's Note explained, the Rule was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit. Accordingly, each class member who can be identified through reasonable effort must be notified that he may request exclusion from the action and thereby preserve his opportunity to press his claim separately or that he may remain in the class and perhaps participate in the management of the action. There is nothing in Rule 23 to suggest that the notice requirements can be tailored to fit the pocketbooks of particular plaintiffs.

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974) (citations omitted). "Plaintiff must bear the cost of notice to the members of his class." *Id.* at 177.

The Court, as the "fiduciary of the class," is concerned that Plaintiff's proposed methods of notice do not comport with the standards set forth above. *See Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002) (noting that the district court has a nondelegable duty to protect the interests of the class, since it is the "fiduciary of the class"). Specifically, the parties have access to the account numbers of the bank cards that used the ATMs in question during the class period. It seems likely that through reasonable means, the addresses associated with those bank cards could be located and notice could be mailed to those addresses, thereby providing more particularized notice.

For these reasons, the Court **ORDERS** Plaintiff to conduct whatever research is necessary and to provide a **report** to the Court by **June 26, 2013**, detailing a plan to either provide individual notice to the class members or to provide relevant legal authority supporting his position that such notice is not required.

06/10/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Eric G. Calhoun
TRAVIS, CALHOUN & CONLON PC
eric@travislaw.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Kevin G. Kerr
HOEPPNER, WAGNER & EVANS LLP--Merrillville
kkerr@hwelaw.com

Thomas Edward Rosta
METZGER ROSTA LLP
Tom@metzgerrosta.com

Michael Eugene Tolbert
HOEPPNER, WAGNER & EVANS LLP--Merrillville
mtolbert@hwelaw.com