UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID HUGHES, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.                                            1:11-cv-01329-JMS-MJD

KORE OF INDIANA ENTERPRISE,
INC., KORE ENTERPRISES, INC., AND
ON KORE, LLC d/b/a AVERAGE JOE'S
SPORTS BAR.,

    Defendants.

## **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

On August 8, 2014, the Court held a hearing on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Award of Attorney Fees, Reimbursement of Expenses, [and] Payment of Plaintiff Incentive Award, [Filing No. 143]. Plaintiff was present by counsel Eric Calhoun and Ryan Frasher, and Defendants were present by counsel Thomas Rosta. The court reporter was Jean Knepley.

The Court inquired regarding the status of the settlement, and Plaintiff's counsel advised that three claim forms have been submitted but that the deadline for submission has not yet passed. Plaintiff's counsel also confirmed that the maximum recovery for the class under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, is $10,000 – the amount of the class settlement fund here. Further, Plaintiff's counsel confirmed, and the Settlement Agreement indicates, that Plaintiff David Hughes is to receive a $3,500 payment in addition to his pro rata share of the settlement amount (which is capped at $100) from the settlement fund. Plaintiff's counsel advised that Mr. Hughes devoted approximately twenty hours to this case including attending two settlement conferences and a deposition, and assisting with investigation and

discovery. Plaintiff's counsel also confirmed that no objections to the settlement have been filed.

The Court noted that the Seventh Circuit Court of Appeals recently reiterated its concern for class action settlements that provide a small recovery for the class and a "generous" recovery for class counsel. *See* [Eubank v. Pella Corp., 753 F.3d 718, 720 (7th Cir. 2014)](#) ("From the selfish standpoint of class counsel and the defendant,…the optimal settlement is one modest in overall amount but heavily tilted toward attorneys' fees"). The Court found, however, that the circumstances of this case do not implicate the concerns noted by the Seventh Circuit because the tension between the amount of the class recovery versus class counsel's recovery is not present here. This is so because: (1) the amount of the class settlement fund is the maximum amount the class is entitled to under the statute; (2) class counsel's fees are being paid separate and apart from the class settlement fund; and (3) no class members have objected to the settlement. The Court also noted that, given that only three individuals have submitted claims thus far, it appears to be unlikely that the $10,000 class settlement fund will come close to being exhausted.

Finally, the Court noted that the evidence in support of class counsel's fee award was quite slim. However, because the amount of class counsel's fees was negotiated and agreed to by Defendant, an effective marketplace to determine the appropriate amount of fees was present here. *See* [McKinnie v. JP Morgan Chase Bank, N.A., 678 F. Supp.2d 806, 814 (E.D. Wis. 2009)](#) ("[a]n appropriate attorneys' fee award is one that 're-creates' the market for the provided legal services") (citing [Montgomery v. Aetna Plywood, Inc., 231 F.3d 399, 408 (7th Cir. 2000)](#) ("where the district court is asked to award reasonable attorneys' fees or reasonable costs, the measure of what is reasonable is what an attorney would receive from a paying client in a similar case")). Counsel confirmed that the fee award was the product of arm's length negotiations. The Court also cautioned counsel that the Court's approval of the fee award here has no precedential effect in any other case involving class counsel where the unique circumstances of this settlement are not present.

Accordingly, the Court **GRANTED** Plaintiff's Unopposed Motion for Final Approval of

Class Action Settlement, Award of Attorney Fees, Reimbursement of Expenses, [and] Payment of Plaintiff Incentive Award, [Filing No. 143]. Judgment will enter accordingly.

Class counsel shall disseminate class relief to Participating Claimants, and otherwise effectuate the settlement, consistent with the terms of the Settlement Agreement, [Filing No. 143-1].

08/08/2014

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**